UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Phenol Claude,<br>    *Plaintiff*,<br><br>    v.<br><br>American Express Centurion Bank,<br>    *Defendant*. | Civil No. 3:10cv742 (JBA)<br><br><br><br>July 1, 2011 |

RULING ON MOTION TO DISMISS

Plaintiff Phenol Claude, acting *pro se*,[1] sued Defendant American Express Centurion Bank ("American Express") for bank fraud under 18 U.S.C. § 1344(2), wire fraud under 18 U.S.C. § 1343, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*, and civil conspiracy. Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the following reasons, Defendant's motion will be granted.

I.     Background

Plaintiff alleges the following. In 2003, American Express issued Plaintiff two credit accounts. In January 2009, American Express lowered Plaintiff's unlimited credit for one of those accounts to $1,000. On April 7, 2009, Defendant accessed Plaintiff's Bank of America checking account and wired or withdrew $1,500. On April 9, 2009, Plaintiff sent a $525.00 check to Defendant as requested for minimum payment on one of his accounts, and on April 10, 2009, Plaintiff sent a $553.10 check to Defendant as requested for minimum payment for his other credit account. On April 17, 2009, Plaintiff called Defendant and

---

[1] "The submissions of a *pro se* litigant must be construed liberally and 'interpreted to raise the strongest arguments that they *suggest*.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (citation omitted).

demanded that Defendant return the $1,500 withdrawn on April 7 and made repeated follow–up calls; Defendant refused to return the money. In June 2009, Defendant suspended or cancelled Plaintiff's two accounts and then "moved to refer Plaintiff Claude to the credit bureau." (Second Am. Compl. [Doc. # 14] ¶ 23.)

II.   Discussion[2]

   A.   Bank and Wire Fraud

Defendant moves to dismiss Plaintiff's bank and wire fraud claims (Counts One and Two, respectively) on the basis that there is no private right of action for either, and Plaintiff responds that "nothing in the statutes for bank fraud and wire fraud prohibits any civil action against any citizen who violates them." (Mem. Opp'n [Doc. # 16] at 12.) While violations of 18 U.S.C. § 1343 (bank fraud) and 18 U.S.C. § 1343 (wire fraud) can be predicate "racketeering activities" for a civil RICO action, neither statute explicitly or impliedly gives rise to a standalone private cause of action. *See, e.g.*, *Wisdom v. First Midwest Bank*, 167 F.32d 402, 408–09 (8th Cir. 1999) (no private right of action under Section 1343); *Park Nat'l Bank of Chicago v. Michael Oil Co.*, 702 F. Supp. 703, 704 (N.D. Ill. 1989) (no private right of action under Section 1344). Therefore, Plaintiff's bank and wire fraud claims are dismissed.

---

[2] To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ---U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

B.    Civil RICO

Defendant also moves to dismiss Plaintiff's fourth cause of action in the Second Amended Complaint, denominated by Plaintiff as Count XVII, in which Plaintiff claims that Defendant's withdrawal or wire transfer of $1,500 from his Bank of America account violated RICO, Section 1964(c), which creates a private right of action for "[a]ny person injured in his business or property by reason of" "racketeering activity." A plaintiff charging civil RICO violations must allege facts that relate to each of the claim's elements, including "(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity," as well as "injury to business or property as a result of the RICO violation." *Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999). The "pattern . . . of racketeering activity" required by 18 U.S.C. § 1961(5) must consist of two or more predicate acts of "racketeering," as enumerated in 18 U.S.C. § 1961(1).

Defendant argues that Plaintiff's civil RICO claim is legally insufficient because Plaintiff has alleged only one predicate racketeering act, the wiring or withdrawal of $1,500 from Plaintiff's Bank of America account. Plaintiff responds that "[t]he defendants conduct and maintain their business by charging people interest and cannot say to a legal certainty that they have not invested the $1,500.00 withdr[awn] from the plaintiff's account therefore divesting themselves of interest of fund[s] withdrawn from the plaintiff's account," which he says demonstrates continued use and investment of his money and constitutes the second predicate racketeering act. (Mem. Opp'n at 9–10.)  However, Plaintiff does not allege continued use or investment of his funds, and his allegations do not give rise to such an

inference.[3] Because Plaintiff has alleged only one predicate racketeering act, he has failed to state a cause of action for civil RICO.

### C. Civil Conspiracy

Plaintiff also sues for civil conspiracy under Connecticut law (Count III), asserting diversity jurisdiction under 18 U.S.C. § 1332(a), conferring federal court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Defendant moves to dismiss this claim on the basis that Plaintiff has failed to allege facts from which an amount in controversy greater than $75,000 can be reasonably inferred. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Jordan v. Verizon Corp.*, 391 F. App'x 10, 12 (2d Cir. 2010) (quoting *Scherer v. Equitable Life Assurance Soc'y of United States*, 347 F.3d 394, 397 (2d Cir. 2003)).

Although Plaintiff states in a conclusory manner that "the amount in controversy exceeds Seventy Five Thousand Dollars" (Second Am. Compl. ¶ 6), he does not allege facts that support his assertion. Plaintiff alleges that Defendant wrongfully withdrew $1,500 from

---

[3] Plaintiff also failed to comply with the local Standing Order in Civil RICO Cases, which requires a plaintiff file a RICO Case Statement within twenty days of filing the complaint, detailing "the alleged unlawful conduct that is claimed to be in violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d)"; "[t]he identity of each defendant and the alleged misconduct and basis of liability of each defendant"; and "[a] description of the pattern of racketeering activity or collection of unlawful debts alleged for each RIO claim," including "[t]he alleged predicate acts and the specific statutes which were allegedly violated," "[t]he dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts," and if the RICO claim is based on fraud, then a statement of the circumstances constituting fraud or mistake "with particularity" to comply with Fed. R. Civ. P. 9(b).

his Bank of America account, that he sent Defendant one check for $525.00 and another for $553.10, and that he was charged an overdraft fee of $35.00. These sums total far less than the statutory requirement for diversity jurisdiction.

Although Plaintiff's Second Amended Complaint alleges nothing about loss of mortgage payments, Plaintiff now argues that Defendant's withdrawal of $1,500 resulted in a "loss of minimum of four and a half years of mortgage payments at $2,569.23 per month made from April 2005 through December of 2009" and of "mortgage payments of $1953.67 per month if the plaintiff['s] escrow remain[s] at $758.92," which Plaintiff says "for the sake of argument total[s] respectively $138,738.42 and $234,440.40 as a monetary loss." Despite Plaintiff's allegation that Defendant's "fraudulent wire transfer . . . ha[s] caused and continue[s] to cause great financial hardship," (Second Am. Compl. ¶ 24), those general allegations do not show a "reasonable probability" that the amount of loss caused by the transfer of $1,500 is "$138,738.42 and $234,440.40."

Since Plaintiff has failed to meet his "burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount," his state–law civil conspiracy claim is dismissed for lack of jurisdiction.

III.   Conclusion

Accordingly, Defendant's [Doc. # 15] Motion to Dismiss is GRANTED.  The Clerk is directed to close the case.

IT IS SO ORDERED.

___/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 1st day of July, 2011.